IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:14 CV 276 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HAROLD PERSAUD, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant . | ) | |

This matter is before the Court on Defendant, Harold Persaud's Motion for Release Pending Appeal and Stay of Sentence Under Fed. R. Crim. P. 38(B)(1).  (ECF #158).  The Government filed a Response in opposition to that motion. (#167).

## BACKGROUND

On September 25, 2015, following a jury trial, Defendant Dr. Harold Persaud was convicted of one count of Health Care Fraud in violation of 18 U.S.C. § 1347, thirteen counts of False Statements Relating to Health Care Matters in violation of 18 U.S.C. § 1035, and one count of Engaging in Monetary Transactions in Property Derived from Criminal Activity. (ECF # 80, 81, 84).  On October 9, 2015, the jury returned to hear evidence on the criminal forfeiture issues in the case.  Following trial on the forfeiture issues the jury returned special verdicts finding that $93,446.25 and $250,188.42 in U.S. Currency seized from the Dr. Persaud's KeyBank account and Roberta Persaud's Ohio Savings Bank Account, respectively, constitute or

were derived from gross proceeds he obtained directly or indirectly from the health care violation charged in Count 1 of the indictment.  The jury also found that the $250,188.42 seized from Roberta Persaud's Ohio Savings Bank Account was involved in the money laundering violation charged in count 16 of the Indictment, and that they unanimously agreed that $2,100,000.00 constitutes the amount of gross proceeds Dr. Persaud obtained as the result of the health care violation charged in Count 1 of the Indictment.  (ECF #88, 89).

On December 18, 2015, Dr. Persaud was sentenced to twenty years of imprisonment, to be followed by three years of supervised release.  He is also subject to a $2,100,000.00 forfeiture order, and restitution in an amount yet to be determined.[1]  Dr. Persaud remained on bond from the date of his indictment through sentencing and was allowed to self-report.  He was given a report date of March 24, 2016 by the Bureau of Prisons.

## APPLICABLE LAW

Pursuant to Section 3143(b)(1) the Bail Reform Act of 1984, a defendant who has been found guilty and sentenced to a term of imprisonment shall be detained pending appeal unless the trial court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
>> (i)   reversal,
>> (ii)  an order for a new trial,
>> (iii) a sentence that does not include a term of imprisonment, or

---

[1] The government is seeking $5,486,857.03 in restitution. Briefing is not yet complete on the issue of restitution, however.

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143(b)(1). If the trial court does make a finding a that the conditions of section 3143(b)(1) are satisfied, it shall order the defendant released. If the defendant is released pending appeal in accordance with the above statute, the court is also required to stay the sentence of imprisonment. Fed. R. Crim. P. 38(b)(1).

The statute creates a presumption against release pending appeal. *See, United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988). To overcome this presumption, the defendant bears the burden of proving that the one of the exceptions set forth in 18 U.S.C. §3143(b)(1) applies. *Id.* (citing *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985)).

## ANALYSIS

Dr. Persaud argues that this Court has no basis upon which it could determine that he is a flight risk, or is otherwise a danger to the safety of other persons in the community. He cites a strong relationship with his wife and two children, as well as his wife's family, and his previous compliance with the conditions of his original bond. In addition, Dr. Persaud has relinquished his passport. The government does not argue that Dr. Persaud would constitute a safety risk to the community, but cites his long sentence, financial means, past travels, and ownership of multiple residences as factors that weigh in favor of finding him to be a flight risk. While neither argument is particularly compelling on this issue, the burden of persuasion remains on Dr. Persaud to demonstrate by clear and convincing evidence that he does not pose a flight risk. Because he has the means and motivation to flee and has not previously faced the realities of incarceration, it is not clear that he has met this burden. However, even if the potential

likelihood of flight was not considered in this case, Dr. Persaud is unable to meet the conditions of in section (B) of 18 U.S.C. § 3143(b)(1).

Even if a defendant is deemed unlikely to be a flight risk or danger to the safety of any other person or the community, release pending appeal cannot be granted unless the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence of incarceration that would be completed before the appeal process could be finished.   Dr. Persaud cannot satisfy this condition for release.

In order to determine whether an appeal satisfies the conditions of 18 U.S.C. § 3143(b)(1)(B), the Sixth Circuit applies a two-part test: whether the appeal issue is "substantial" and whether it is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985).  A question is "substantial" if it constitutes a "close question or one that could go either way." *Powell*, 761, F.2d 1227. Although the Court need not believe that the appeal will be decided in the defendant's favor, "[i]t is not sufficient to show simply that reasonable judges could differ ... or that the issue is fairly debatable or not frivolous." *Id.* at 1234.

Dr. Persaud argues that his convictions were not supported by sufficient evidence and were based on an unsupportable finding that Dr. Persaud's illegal actions were done willfully and knowingly.  Further, he argues that his conviction for money laundering was based on extrapolations made from a statistically insignificant sample of patient files and, therefore, was not supported by sufficient admissible evidence.  He does not allege any legal or procedural errors during trial or at any other stage of the proceedings.

It is well established that a defendant challenging the sufficiency of the evidence "bears a

heavy burden." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006)(citations omitted). The standard for a sufficiency appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).   The Sixth Circuit may not re-weigh the evidence, re-consider the credibility of the witnesses, or substitute its judgment for the that of the jury.  *United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010).  All credibility issues must be weighed in favor of upholding the verdict.  *United States v. Salagado*, 250 F.3d 438, 446 (6th Cir. 2001).

   Having presided over the month long jury trial, a separate jury proceeding relating to the monetary judgment, a day long sentencing hearing, and all pre-trial proceedings, the Court is intimately familiar with the evidence presented and finds now, as it did when considering Dr. Persaud's multiple motions for acquittal, that it was sufficient to support his convictions in this case.  Further, the sufficiency of the evidence is not a close call in this case and, therefore, does not raise a substantial issue that would justify Dr. Persaud's release pending appeal.  The government presented evidence in the form of expert and lay testimony from several doctors, technicians, and hospital administrators, as well as patient/victim testimony that supports a finding that Dr. Persaud performed medically unnecessary procedures, did not follow appropriate protocol, and included fraudulent information in patient charts all for the purpose of increasing his billing amounts.  This testimony in addition to evidence provided by insurance company audits, the testimony of his billing employee, and letters Dr. Persaud sent to the insurance companies support a finding that he knowingly lied to insurers to justify billing for these procedures, and submitted false billing statements.   Therefore, the Court finds that it is high unlikely that an appeal based on the sufficiency of the evidence (or any other ground not

yet articulated by Dr. Persaud) would result in a reversal, a new trial, or a significant enough reduction in sentence to justify release under 18 U.S.C. § 3143(b)(1), with regard to his convictions for Health Care Fraud or Making False Statements Relating to Health Care Matters.

The government also presented sufficient evidence to support the money laundering conviction. The jury heard testimony from FBI Forensic Accountant Matthew Beck relating to the timing of Dr. Persaud's transfer of criminal proceeds, in addition to documentary evidence tracing the proceeds Dr. Persaud earned from his fraudulent activities and documenting the transfer of the relevant funds. Further, even if the $250,000.00 amount at issue in the money laundering charge were vulnerable to reduction on appeal, the government presented evidence that at least $13,513.67 of the transferred funds were directly traceable to Dr. Persaud's fraudulent activity and this is sufficient to justify a conviction where the requisite amount needed to prove the crime was $10,000.00 or more. Finally, even if the appeal issues relating to the money laundering count were considered substantial and could lead to a vacation of the conviction on that count, that count added only a single level to Dr. Persaud's sentencing guideline calculations. Thus, even a successful appeal on the money laundering charge, as unlikely as that may be, would not result in a sufficient decrease in sentence to make Dr. Persaud eligible for release pending appeal under 18 U.S.C. § 3143(b)(1)(B).

**CONCLUSION**

For all the reasons set forth above, Dr. Persaud's Motion for Release Pending Appeal and Stay of Sentence Under Fed. R. Crim. P. 38(B)(1) is, hereby, DENIED.

**IT IS SO ORDERED**

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   April 18, 2016