UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HAROLD PERSAUD | ) JUDGE: DONALD C. NUGENT |
| | ) |
| Movant, | ) CASE NO.: 1:14CR-00276 |
| -vs- | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

***SUPPLEMENT* TO**
**PETITIONER HAROLD PERSAUD'S REPLY IN SUPPORT OF HIS**
**MOTION TO VACATE AND SET ASIDE JUDGMENT OF CONVICTION**
**AND SENTENCE PURSUANT TO 28 U.S.C. §2255**

To supplement his Reply in Support of his Motion to Vacate and Set Aside Judgment of Conviction and Sentence Pursuant to Title 28 United States Code Section 2255, Petitioner Harold Persaud notes the following:

On August 21, 2015, prior to the commencement of Petitioner's criminal trial, the Government filed a Motion to Compel Defendant to Comply with Rules 16(B)(1)(B) & (C)". In its Motion to Compel, the Government specifically noted that it had "**retained three (3) experts in connection with this case:  Dr. Ian Gilchrist, a cardiologist, Dr. Robert Biederman, a cardiologist, and Sonda Kunzi, a medical coding and billing expert.**" (8/21/15 Motion to Compel, Doc. # 47, at p. 2).  Notably, there was no identification of Dr. Barry George as an "expert witness" in the Government's Motion

The significance of the Government's Motion to Compel is extraordinary, especially within the context of the issues raised in Petitioner's Motion to Vacate, for a number of reasons. Although the Government's Motion demanded that Petitioner's counsel's expert reports in

1

accordance of the Rules of Criminal Procedure, the record clearly illustrates that the Government did not comply with its own obligations under the rules. The Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence, now declares that the Government presented **four experts** in its case-in-chief, to wit: Dr. Gilchrist, Dr. Biederman, Ms. Kunzi, and **Dr. George** (8/31/18 Response, Doc. #223, at p. 5) and further *admits* that the testimony presented by all of the physician witnesses, "…t**estimony was in fact expert testimony, not lay testimony.**" (Response, Doc. #223, at p. 15).

Petitioner herein reiterates the facts, law and argument previously submitted in his Motion to Vacate (Doc. # 217) and his Reply in Support (Doc. #224). Petitioner submits that the Government's pre-trial disclosures, and mid-trial maneuvers, violated not only the Federal Rules of Evidence and Daubert, but also the Federal Rules of Criminal Procedure, and specifically violated Crim. Rule 16(a)(1)(G) which provides:

> **Rule 16. Discovery and Inspection**
>
> (a) Government's Disclosure.
> (1) Information Subject to Disclosure.
> (G) Expert Witnesses. At the defendant's request, the government **must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial**. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. **The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.**

Criminal Rule 16. (Emphasis added.)

The Government <u>did not comply</u> with the federal rules of procedure, and <u>did not identify</u> Dr. George[1], Dr. Coletta, Dr. Dobrovich, Dr. Bezarra, Dr. Letcher or Dr. Cacchione, as **expert witnesses** who would be presenting **expert testimony** at trial.  The Government abused the process and boldly, purposefully violated the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and the law as set forth in <u>Daubert</u>.

As previously noted, the Government intentionally presented "expert testimony" from witnesses disguised as "lay" witnesses in violation of law and in further violation of Petitioner's constitutional rights.  Petitioner's trial and appellate counsel were *constitutionally deficient* for failing to notice or raise any objection.

The Amendment of FRE 701 came about to <u>prevent parties from presenting expert testimony from witnesses offered as "lay" witnesses</u>.  The Committee Notes related to this amendment are especially useful and are cited here again for the Court's review in connection with its consideration of the Government's violation of Criminal Rule 16.

The Advisory Committee Notes (2000) relating to the improper presentation of expert testimony through witnesses identified as "lay" witnesses in violation of FRE 701, note the following:

> COMMITTEE NOTES ON RULES—2000 AMENDMENT
> (Emphasis provided):
>
> Rule 701 has been amended **to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay**

---

[1] The issues regarding Dr. George are especially egregious/confounding as the Government now claims that Dr. George <u>was one of the Government's "expert" witnesses.</u>

**witness clothing**. **Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.** *See generally* Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190 (3d Cir. 1995). **By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson**. *See* Joseph, Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony," and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). *See also* United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents testifying that the defendant's conduct was consistent with that of a drug trafficker could not testify as lay witnesses; to permit such testimony under Rule 701 "subverts the requirements of Federal Rule of Criminal Procedure 16 (a)(1)(E)").

The **amendment does not distinguish between expert and lay witnesses, but rather between expert and lay testimony**. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. *See*, e.g., United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents could testify that the defendant was acting suspiciously, without being qualified as experts; however, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices). **The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.**

4

> The amendment is not intended to affect the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1196 (3d Cir. 1995).  (Emphasis added.)

Advisory Committee Notes, 2000 Amendments, Federal Rule of Evidence 701.

In United States v. Lang, (6th Cir. No. 15-5997), *unpublished*, 717 Fed. Appx. 523120 (2017), the United States Court of Appeals reiterated the following principles <u>in upholding a lower court's decision to exclude testimony from numerous medical providers (identified as witnesses by the defendant) whom the court identified as "experts", and which had not been appropriately identified (by the defendant) prior to trial</u>:

> A lay witness may not give an opinion "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Although a doctor may properly be called as a lay witness to testify about facts and treatment, she may not testify about the connection between the two without being qualified as an expert—in other words, she may not explain why treatment was medically necessary or appropriate. See United States v. Volkman, 797 F.3d 377, 388–90 (6th Cir. 2015); United States v. Kirk, 584 F.2d 773, 785 (6th Cir. 1978).

Lang, at p. 537.

Petitioner submits that Dr. George, Dr. Coletta, Dr. Dobrovich, Dr. Bezarra, Dr. Letcher and Dr. Cacchione were not appropriately identified by the Government prior to his criminal trial.  These witnesses, together with the exhibits admitted through them, and the Government's presentation of additional "expert testimony", comprised more than a third of its case against Petitioner.

In the instant case, whether the Government improperly presented expert testimony from lay witnesses (in violation of FRE 701), failed to identify its expert witnesses to the defense prior to trial (in violation of Crim. R. 16(a)(1)(G) and potentially <u>Brady</u>), or, actually called multiple, *unidentified* and *untested/unqualified* expert witnesses at trial, whose methods and analysis were not properly *voir dired* or challenged (in violation of FRE 702, 703, etc.), the result is: **Petitioner's illegal, unconstitutional, and erroneous conviction.**

As noted *supra.,* the bulk of the Government's case-in-chief consisted of **expert witness testimony.** <u>More than a third of the Government's case revolved around expert witnesses/expert testimony.</u> No trial strategy would ever include allowing the Government to bludgeon the defendant with its expert testimony absent any challenge or objection. Petitioner's counsel were ineffective, plain and simple.

In accordance with the standards and tests set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and its progeny, Petitioner respectfully submits that his counsel's failures relative to the improper admission of *expert witness/expert testimony/improper opinion testimony* and the related issues raised in his Motion to Vacate, **fell below an objective standard of reasonableness** in contravention of his right to the effective assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution. But for these failures, there is a **reasonable probability. . . the factfinder would have had a reasonable doubt respecting guilt.** <u>Strickland</u>, <u>Id.</u>, at 695.

Respectfully submitted,

*/s/ Richard G. Lillie /s/ Gretchen A. Holderman*
RICHARD G. LILLIE (390023744)
GRETCHEN A. HOLDERMAN (390058508)
LILLIE & HOLDERMAN
2003 St. Clair Avenue
Cleveland, Ohio 44114
T: (216) 861-1313 / F: (216) 861-1314
rlillie@lillieholderman.com
gholderman@lillieholderman.com

CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on the 1st day of October 2018, in accordance with the Court's Electronic Filing System. Parties may access this filing through the Court's filing system.

*/s/ Richard G. Lillie /s/ Gretchen A. Holderman*
RICHARD G. LILLIE (390023744)
GRETCHEN A. HOLDERMAN (390058508)