IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:14 CR 276 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| HAROLD PERSAUD, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Harold Persaud's Motion Pursuant to Rule 60(b), Fed.R.Civ.P. to ReOpen 28 U.S.C. §2255 Proceeding. (ECF #237). The Government filed a Response in Opposition to Mr. Persaud's motion, and Mr. Persaud filed a Reply in Support of his Motion. (ECF #238, 239).

Following a nearly month long trial, Mr. Persaud was convicted of fifteen counts including healthcare fraud, false statements relating to health care matters, and money laundering. On December 18, 2015, he was sentenced to twenty years and ordered to pay $5,486,857.00 in restitution. A forfeiture order was also issued in the case. Mr. Persaud appealed and all convictions, sentences, and other orders were affirmed. (ECF #214). On June 18, 2018, the Defendant filed a motion to vacate under 28 U.S.C. §2255 asserting multiple claims of ineffective assistance of trial counsel. (ECF #217). He was represented by counsel. The motion was denied. (ECF #228). Mr. Persaud sought to appeal the decision but was denied a certificate of appealability. His petition for rehearing was denied by the Sixth Circuit on June 6, 2019, and his

petition for a writ of certiorari to the United States Supreme Court was denied on October 7, 2019. Following these denials, Mr. Persaud obtained new counsel who assisted him in the filing of the motion now before the Court.

The motion currently before the Court, although captioned as a motion under Fed. R.Civ.P. 60(b) is properly construed as a second or successive petition for relief under 28 U.S.C. §2255. It seeks to raise an entirely new substantive claim under 28 U.S.C. §2255, which exactly what happens in a second or successive claim. *See generally, Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Re-labeling a new claim for relief as a request to "re-open" a prior claim is inaccurate and defies the purpose behind the certification requirements for second or successive petitions. As the Sixth Circuit has stated, because the new grounds for relief "concern the legitimacy of his trial and conviction, they should have been raised on direct appeal or in a §2255" motion. *Abdur-Rahim v. J.C. Holland*, No. 15-5297 (6th Cir. Jan. 12, 2016). Raising a new claim for relief after a prior §2255 has already been resolved, requires the permission of the Court of Appeals. 28 U.S.C. § 2255(h)

Even if Mr. Persaud's request to re-open could be viewed as an attack on the resolution of the prior motion, despite the fact that it seeks to raise entirely new grounds for relief, a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim on the merits," should be considered a second or successive petition for writ of habeus corpus. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).[1] Mr. Persaud's argument for bringing his request for relief under

---

[1] Although *Gonzoles* was a 2254 case, the reasoning was made applicable to 2255 cases through *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007).

Fed.R.Civ.P. 60(b) relies entirely on a single Seventh Circuit opinion which has been otherwise rejected by the Sixth Circuit, at least in part, for misinterpreting prior Supreme Court cases. *See, Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015); *Kapanekas v. Snyder-Morris*, No. 16-6310, 2017 WL 3725355 (6th Cir. Apr. 10, 2017).

The Court, therefore, finds that Mr. Persaud's petition is properly viewed as a second or successive motion under §2255. Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Persaud has failed to receive authorization from the Sixth Circuit to file this second, or successive §2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Persaud's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

Date: April 14, 2020

Donald C. Nugent
Senior United States District Judge