IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:14 CR 276 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| HAROLD PERSAUD, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Harold Persaud's Motion for Leave and Independent Action for Release from Judgment Pursuant to Federal Rules of Civil Procedure 60(d)(1). (ECF #312).

Following a nearly month long trial, Mr. Persaud was convicted of fifteen counts including healthcare fraud, false statements relating to health care matters, and money laundering. On December 18, 2015, he was sentenced to twenty years and ordered to pay $5,486,857.00 in restitution. A forfeiture order was also issued in the case. Mr. Persaud appealed and all convictions, sentences, and other orders were affirmed. (ECF #214). On June 18, 2018, the Defendant filed a motion to vacate under 28 U.S.C. §2255 asserting multiple claims of ineffective assistance of trial counsel. (ECF #217). He was represented by counsel. The motion was denied. (ECF #228). Mr. Persaud sought to appeal the decision but was denied a certificate of appealability. His petition for rehearing was denied by the Sixth Circuit on June 6, 2019, and his petition for a writ of certiorari to the United States Supreme Court was denied on October 7, 2019.

Following these denials, Mr. Persaud obtained new counsel who assisted him filing of a motion under Fed. R. Civ. P. 60(b) to Reopen 28 U.S.C. §2255. (ECF #237). The Court construed that motion as a second or successive petition for relief under 28 U.S.C. §2255 and transferred it to the Sixth Circuit Court of Appeals. (ECF #240). Mr. Persaud appealed the Court's decision, and the Sixth Circuit dismissed the appeal for lack of jurisdiction. (ECF #241, 242). The Sixth Circuit also denied Mr. Persaud's request for authorization to file a second or supplemental motion under 28 U.S.C. §2255. (ECF #307). Mr. Persaud, nonetheless, filed a Motion for discovery and production of documents for the unauthorized, and, therefore, non-existent proceeding under §2255, which the Court denied. (ECF #308, 309). Mr. Persaud appealed that denial. (ECF #310). After that motion was dismissed, and an appeal was filed, Mr. Persaud filed a motion to stay the re-opening of the discovery that the Court had disallowed. (ECF #311). That motion was also denied as there was nothing to stay. (ECF #313).

Mr. Persaud has also filed five Motions for Compassionate Release, and one Motion seeking relief under the 821 Amendment to the Sentencing Guidelines, all of which were denied. (ECF #243, 246, 251, 253, 260, 261, 264, 267, 270, 284, 287, 288). He appealed the denial of the fifth request for Compassionate Release, and the Court of Appeals affirmed. (ECF #289, 291, 292). The Court appointed counsel to see if a supplement to the motion pursuant to Amendment 821 was warranted. (ECF #293, 294). Counsel declined to file a supplement, and the Court determined that Mr. Persaud was not eligible for relief under the 821 Amendment. (ECF #297, 304, 305).

Mr. Persaud is again before the Court, following the filing of his Motion for Leave and Independent Action for Release from Judgment Pursuant to Fed.R.Civ.P. 60(d)(1).[1] Rule 60(d) does not provide any independent basis for relief. It simply recognizes that Rule 60 "does not limit a court's" other powers. Specifically, the power to:

> (1) entertain an independent action to relieve a party from a judgement, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed.R.Civ.P. 60(d)(1)-(3). Though Mr. Persaud's motion cites Rule 60(d), he is actually seeking to pursue an independent action based on his assertion of "actual innocence."[2]

The Sixth Circuit has defined the elements of an independent action, as referenced in Rule 60(d) as follows:

---

[1] The Federal Rules of Procedure do not apply to criminal actions. Therefore, Rule 60(d)(1) cannot operate directly to release Mr. Persaud from his criminal conviction. It could, however, allow him to seek release from the judgment denying his request for habeas relief, which is a civil action.

[2] The Sixth Circuit has recognized that when the adverse party is not prejudiced, a request for relief under Fed.R.Civ.P. 60(b) and a request for an "independent action" in equity can be used interchangeably. *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011). In this instance, Mr. Persaud has filed neither a Rule 60(b) motion, or an independent action. A Rule 60(b) motion would be time barred, but an independent action is not limited to the one year time limit in Fed.R.Civ.P. 60(b). *Mitchell* at 597. Technically, in order to proceed, Mr. Persaud should be required to file a new civil action, however, the Sixth Circuit has, at least at times, addressed issues purportedly raised under Rule 60(d) as if they were an independent action. See, *Id.* Because Mr. Persaud is filing *pro se*, the Court will construe his request liberally, and address it as if it were properly filed as an independent action in equity. See, *Spotts v. United States*, 429 F.3d 248, 250 (6th cir. 2005)

3

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett v. Sec'y of Health & Human Servs*, 840 F.2d 1259, 1263 (6th Cir. 1987)(citing 11 C. Wright & A. Miller, Federal Practice & Procedure §2868, at 238(1973)).

When a court decides an independent action, to impeach for fraud, accident, mistake or other equitable ground, it is exercising its independent and substantive equitable jurisdiction and not its supervisory power over the challenged judgment. *Bankers Mortg. Co. v. United States*, 423 F.2d 73 (5th Cir. 1970). Therefore, it cannot become a basis for re-litigating issues that were "open to litigation in the former action where he had a good and fair opportunity to make his claim or defense in that action." *Bankers Mortg. Co.*, 423 F.2d at 75. An independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, (1998); accord *Pickford v. Talbott*, 225 U.S. 651, 657 (1912)(independent action available only when enforcement of judgment is "manifestly unconscionable."). This is a "'stringent' and 'demanding'" standard. *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011). In order to meet this standard in the context of a habeas corpus case, a petitioner "must make a strong showing of actual innocence." *Id.* at 596.

Plaintiff fails to meet the requirements for an independent action asserting actual innocence. First, Mr. Persaud has not identified any fraud, accident, or mistake that led to his conviction. He has not identified any new information that was not available at the time of his trial, nor has he alleged that any information was withheld or misrepresented by the government. To the contrary, he received a fair trial, with effective representation, and full opportunity to

4

present his defenses and challenged the government's evidence. On direct appeal, the Court of Appeals noted that he did not challenge the sufficiency of the evidence against him, but merely maintained that the government's expert's were wrong. (ECF #212, 214, 215). In his §2255 motion he alleged, as he does now, that his attorneys were ineffective for failing to successfully challenge the government's evidence, and for not effectively presenting his defense. His §2255 motion was denied because his counsel was not only constitutionally effective, but presented a clear defense with support from experts and other testimony. The jury found that the government's evidence held more weight and credibility, and it is solely the jury's province to determine the weight and creditbility of the evidence presented. *O'Donnell v. Geneva Metal Wheel Co.*, 183 F.2d 733, 737 (6th Cir. 1950). Disagreement over the weight and credibility of evidence that supports conviction is not proof of actual innocence. It is an insufficient basis for reversal on direct appeal, or for habeas relief, let alone as grounds for the stringent and demanding standard applied to independent actions.

  Further, not only did Mr. Persaud have other legal avenues available to raise the claims he is currently pursuing, but he did raise many of them, unsuccessfully, through multiple other means, as outlined above. His current claims primarily arise from his belief that the government witnesses were wrong, and that his counsel was ineffective for countering their testimony. (ECF #228). These issues were addressed on direct appeal, and through Mr. Persaud's §2255 motion. He could, at this time, have also presented every argument set forth in his current motion. Any arguments he could not have raised in his §2255 motion would have to be raised in a properly presented second or successive habeas motion.

"Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits." *Littlepage v. Barrett*, 2020 U.S. Dist. Lexis 220885 (Ohio S.D., Nov. 23 2020)(citing/quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005)). Mr. Persaud has not been permitted to present a second or successive habeas motion, because he does not meet the criteria, and he has not met the criteria for a certificate of appealability on subsequent attempts to re-visit his conviction. He cannot circumvent these criteria by filing an independent action pursuant to Fed.R.Civ.P. 60(d). A district court has no authority to grant relief in an "independent action" that essentially seeks to override the denial of a certificate of appealability. *See, Johnson v. Shoop*, 2022 U.S. App. Lexis 22585, *2-3 (6th Cir. 2022).

Mr. Persaud cannot establish that the errors he complains of subjected him to a grave miscarriage of justice, or were not addressable by other available legal means. Therefore, enforcement of the judgment is not manifestly unconscionable. A defendant's disagreement wtih the weight and credibility of the evidence against them is neither unusual or exceptional and is clearly no sufficient to establish actual innocence and demand relief under an independent action. See, *Mitchell v. Rees*, 651 F.3d 593 (6th Cir. 2011); *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *Barrett v. Sec'y of Health & Human Serv.*, 840 F.2d 1259, 1263 (6th Cir. 1987); *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998); *Gogglieb v. S.E.C.*, 310 F.App'x 424, 425 (2d Cir 2009). Therefore, Mr. Persaud does not satisfy the criteria for relief through an independent action in equity. To the extent that plaintiff's independent action constitutes a second or successive

habeas petition, plaintiff must seek permission from the Sixth Circuit to pursue the action. See, 28 U.S.C. §2244(B)(3)(A); *Thompkins v. Berghuis*, 509 Fed. App'x 517, 519 (6th Cir. 2013).

Because Mr. Persaud has failed to meet the standards for relief under an independent action in equity, and has failed to receive authorization from the Sixth Circuit to file a second, or successive §2255 motion, Mr. Persaud's motion for Leave and Independent Action Under Rule 60(D)(1) is denied. (ECF #312).   IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

Date: November 12, 2024