UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:14 CR 276 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| HAROLD PERSAUD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. §3582 (c)(1)(A)(Compassionate Release). (ECF #319). This is Mr. Persaud's Sixth Motion for Compassionate Release. (See, e.g., ECF # 287).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See,*

*United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). This exhaustion requirement is "mandatory" and is not subject to any "judge-made exceptions." *Alam*, 960 F.3d at 834; *see also, Ross v. Blake*, 136 S. Ct. 1850 (2016). There are no equitable exceptions "to account for irreparable harm or futility." *Id.* at 835-36; *USA v. Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021).

Mr. Persaud does not claim to have sent a request to the Warden that includes the new grounds he argues in support of his current motion for relief. Therefore, the Warden has not had an opportunity to make a determination as to whether relief may be warranted based on the new facts and circumstances. In order to satisfy the exhaustion requirement, a request made to the Warden must be renewed before each subsequent motion for compassionate release. The exhaustion requirement is only satisfied if the defendant's motion to the court is premised on the same grounds that were presented to the Warden during the administrative process. *See generally, United States v. Williams*, 987 F.3d 700 (7th Cir). Mr. Persaud admits that he has not satisfied the exhaustion requirement with regard to this sixth motion for relief under §3582(c)(1)(A), and this Court, therefore, is without authority to consider his request. (ECF #317, PageID 8847).

For the reasons set forth above, the Court finds that the Defendant has not exhausted his administrative remedies. The Motion for Compassionate Release is, therefore, dismissed, without prejudice. (ECF #317). IT IS SO ORDERED

_____
DONALD C. NUGENT
United States District Judge

DATE: February 3, 2025