UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:14 CR 276 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| HAROLD PERSAUD, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Reconsider the dismissal of his sixth Motion For Compassionate Release . (ECF # 321, 327). The Court previously dismissed Mr. Persaud's sixth motion for compassionate release without prejudice for failure to exhaust administrative remedies. (ECF #322). Mr. Persaud's motion for reconsideration includes copies of his request to the Warden, and the Warden's denial. (ECF #327-1, 371-2).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), an inmate may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, the inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Persaud's latest request was received by the Warden on December 9, 2024, and was denied on December 27, 2024. As Mr. Persaud has shown that the administrative exhaustion requirements were met prior to his filing, the Court will reconsider his sixth motion for compassionate release, reviewing it on the merits.

The Court may reduce a defendant's term of imprisonment if, after considering the factors set forth in 18 U.S.C. §3553(a), to the extent they are applicable, it determines three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and, (3) that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. §1B1.13(a)(1)(A), (2),(3). A "compassionate release decision is discretionary, not mandatory." *Jones* at 9; *cf. United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

In November of 2023, the Sentencing Commission revised its policy statement addressing the circumstances that should be considered "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. §3553(a). The revisions expanded the potential for relief based on a defendant's medical condition to include medical conditions that require "long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. §1B1.13(b)(1)(C). Mr. Persaud argues that he suffers from medical conditions that are not being properly treated by the BOP and without proper care, he is suffering causing serious deterioration in his health. Specifically, Mr. Persaud cites a loss of vision and his alleged inability to keep his Type II diabetes under full control. He also seeks releif under U.S.S.G. §1B1.13(b)(2) which provides that extraordinary and compelling reasons exist when

a defendant over the age of 65 is "experiencing a serious deterioration in physical or mental health because of the aging process;" and has served at least ten years or seventy-five percent of his term of imprisonment, whichever is less.

Mr. Persaud is over the age of 65, however he has not served ten years or seventy-five percent of his term of imprisonment. Mr. Persaud was sentenced to a twenty year term of imprisonment on December 18, 2015, less than ten years ago. (ECF #118). He remained on bond and was allowed to self-report. Therefore, he did not start serving his sentence until March 24, 2016. (ECF #174). This means that he has served less than nine years of his term of imprisonment and does not qualify for a finding of extraordinary and compelling circumstances under U.S.S.G. §1B1.13(b)(2).

Mr. Persaud also fails to establish that he qualifies for relief under Policy Statement §1B1.13(b)(1)(C). He has provided evidence that during one visit in 2020, he was suffering vision problems in his left eye caused by his Diabetes, and a separate vision problem in his right eye, brought on by blunt force. He has not established that those vision issues remain today, that they are expected to be permanent, or subject to a risk of serious deterioration. The medical records provided indicate that there was possibility that these issues could self-resolve, and there is no indication that they persisted following that original encounter. At the time of his complaint he was referred to an optometrist and informed of potential treatment options if the issue did not resolve. There is no evidence that these vision issues were not properly addressed by the relevant specialists, or that they diminished his ability to provide self-care within the institution. Mr. Persaud did claim in earlier submissions to the Court that he is blind in one eye. The Court found at that time that this did not qualify as extraordinary and compelling because it did prevent him from being able to care for himself in the institution.

There is also no evidence that Mr. Persaud's diabetes is not being appropriately treated. He submitted on blood test from 2023 that shows an elevated A1 reading and elevated blood markers

for kidney disease. There is no evidence that these elevated readings are the norm for Mr. Persaud, or that he is unable to get appropriate treatment to aid in the management of these diseases. The record shows that the BOP has been monitoring Mr. Persaud's condition, and, according to the health records he has submitted throughout his incarceration, his hypertension and diabetes are generally well controlled in prison and do not interfere with his ability to function and care for himself in the prison setting. There is no evidence to suggest that the BOP is withholding necessary or appropriate medical treatment, or that a lack of treatment puts him at risk of serious deterioration in his health.

Mr. Persaud also asks the Court to find that he is entitled to relief because he claims his sentence was unusually long for what he deems a non-violent, non-drug related crime. He asserts that many more heinous crimes, or those with greater amounts of loss receive lesser sentences. This is not grounds for a finding of extraordinary and compelling reasons for relief. The Sentencing Commission recognizes unusually long sentences as qualifying only if the Defendant has served ten years, and there has been a non-retroactive change in the law that would result in a gross disparity between the sentence he received, and the sentence he would receive under the current law. None of these qualifying circumstances apply in Mr. Persaud's case. As set forth above, he has not yet served ten years of his sentence; there has been no relevant change to law; and Mr. Persaud would have received the same sentence if he was convicted of the same offense conduct today. Sentencing disparities not affected by a change in the law do not qualify as extraordinary and compelling circumstances. *See, United States v. West*, 70 F. 4th 341, 348 (6th Cir. 2023); see also, *United States v. Persaud*, Case No. 23-3103 (6th Cir., September 12, 2023)(ECF #291, 292).

Finally, Mr. Persaud's attestations of alleged errors and constitutional violations during trial, as professed in his most recent request to the Warden are not grounds for relief and have been addressed and adduced to be unfounded in a multitude of prior proceedings. Motions for

compassionate release under 18 U.S.C. §3582(c)(1)(A) are not to be used as a run around the habeas requirements of 28 U.S.C. §2255. *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022)(en banc); *United States v. West*, 341 F. 4th at 346.

Even if there had been extraordinary and compelling reasons to consider relief, the Court finds that early release is not warranted under the factors set forth in 18 U.S.C. §3553(a). Mr. Persaud was found guilty of multiple crimes following a jury trial. He claims that his crimes should not be considered serious, but his offense conduct included performing unnecessary surgery on patients, and resulted in more than five million dollars of loss. The jury found that for over six years Mr. Persaud was executing a scheme during which he performed medically unnecessary procedures, referred patients for bypass surgery based on fraudulent information, falsified medical records, and submitted fraudulent bills to Medicare and private insurers. Although he had no prior criminal history points, his total offense level was a 40, giving him a sentencing range of 292-365 months. The Court already gave him a downward variation at sentencing, bringing his total term of imprisonment down to 240 months. According to Mr. Persaud, with good time credits, he is expected to get out of prison in mid 2027, cutting his sentence by more than eight years. Any further reduction would not account for the very serious offense conduct, the number of victims, and the violation of trust that his patients suffered as a result of his conduct. His post-conviction conduct is already being rewarded in significant good time credits, and any mitigating circumstances were accounted for by the Court's original downward variance. The §3553 factors do not support any further reduction to Mr. Persaud's sentence.

In short, while Defendant did provide a valid reason for this court to review his sixth Motion for Compassionate Release on the merits, that review does not uncover any basis for relief. For all the reasons set forth above, Defendant's Motion is DENIED. (ECF #327). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: March 12, 2025